UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AARON MICHAEL JONES, a/k/a ] | |
| MICHAEL JOHN AARON JONES ] | |
| Plaintiff, ] | No. 3:11cv612 |
| ] | (No.3:11-mc-0032) |
| v. ] | Judge Campbell |
| ] | |
| PERMANENT GENERAL ASSURANCE ] | |
| CORPORATION ] | |
| Defendant. ] | |

## **M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Allegheny County Jail in Pittsburgh, Pennsylvania. He brings this action pursuant to 42 U.S.C. § 1983 against Permanent General Assurance Corporation, an insurance company in Nashville, seeking damages.

On April 18, 2010, the plaintiff was injured in an automobile accident while being chased by the police. The plaintiff carried insurance that he purchased from the defendant. Apparently, the plaintiff has been unable to obtain benefits from the defendant pursuant to his insurance policy.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of a right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451

U.S. 527, 535 (1981).

The defendant is a private corporation that was not acting "under color of state law" within the meaning of § 1983 when it sold the plaintiff an insurance policy. Nor has the plaintiff alleged any constitutional violation arising from the defendant's conduct. For those reasons, the plaintiff has failed to state a claim upon which § 1983 relief can be granted.

When a prisoner plaintiff proceeding *pro se* has failed to state a claim upon which relief can be granted, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Todd Campbell
United States District Judge